UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

---

Minnesota Life Insurance Company,

Plaintiff,

v.

Emily S. Olson, Lynda N. Reynolds,
Raven Fox, Randall Seaver,
Unites States Trustee,

Defendants.

**ORDER APPOINTING TRUSTEE AND APPROVING TRUST FOR RAVEN FOX**

Civil No. 00-2684 RHK/JMM

---

The above matter came before the undersigned upon the Guardian Ad Litem, Lynda N. Reynolds' Recommendation of Trustee and Trust for Raven Fox, dated December 7, 2001. The Guardian Ad Litem for Raven Fox recommended that J. Michael Hirsch, grandfather of Raven Fox be appointed as Trustee and Clarissa M. Hirsch, grandmother of Raven Fox, be appointed as successor trustee and that the terms of the document attached hereto and marked as Exhibit A entitled "Raven Fox Court Order Minor's Trust" be approved.

**IT IS HEREBY ORDERED** that the terms of the trust contained in the document attached hereto and marked as Exhibit A entitled "Raven Fox Court Order Minor's Trust" are hereby approved, that J. Michael Hirsch is appointed to serve as trustee for said trust. It is further ordered that Minnesota Life Insurance Company, contemporaneously with the execution and delivery of the Trust document shall pay over, transfer and deliver to the trustee all of said proceeds from the life insurance policy of said Company for the life of the decedent, Diane

FILED JAN 24 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD JAN 24 2002
DEPUTY CLERK

Olson. That said Trustee shall pay from the trust estate all of Lynda N. Reynold's attorneys' fees and expenses.

ORDER FOR JUDGMENT

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: 1/24/02

BY THE COURT:

RICHARD H. KYLE
United States District Court Judge

JUDGMENT

THE ABOVE ORDER CONSTITUTES THE JUDGMENT OF THE COURT AND IS HEREBY CERTIFIED AS THE JUDGMENT OF THE COURT IN THE SUBJECT MATTER.

DATED THIS _____ DAY OF JANUARY, 2002.

# RAVEN FOX
# COURT ORDERED MINOR'S TRUST

**THIS AGREEMENT**, which shall be effective as of the ______ day of ______________________, 2001, establishes a trust for the benefit of RAVEN FOX (the "Beneficiary") pursuant to the order of the United States District Court, District of Minnesota, Fourth Division (the "District Court") providing that the trustee shall be J. MICHAEL HIRSCH of 516 Fourth Avenue Southeast, Minneapolis, Minnesota 55414, (the "Trustee")

## WITNESSETH:

**WHEREAS**, Diane Olson, who is now deceased, was the insured under a certain life insurance policy on her life issued by the Minnesota Life Insurance Company;

**WHEREAS,** Minnesota Life Insurance Company commenced an action in the District Court (Civil Case No. 00-2284 RHK/JMM), styled as Minnesota Life Insurance Company v. Emily S. Olson, Lynda N. Reynolds, Raven Fox, and Randall Seaver, United States Trustee, for a determination of the proper disposition of the proceeds of said life insurance policy.

**WHEREAS**, Diane Olson in the beneficiary designation, which she executed for said life insurance policy, named Lynda Reynolds, Diane's Olson's surviving sister, to hold 50% of the proceeds from said life insurance policy in trust for the Beneficiary, who was born on April 6, 1994, and is still a minor;

**WHEREAS**, Lynda Reynolds has declined to serve as trustee for a trust to hold the proceeds of said life insurance policy for the benefit of the Beneficiary, but Lynda Reynolds was appointed by the District Court as Guardian Ad Litem for the Beneficiary for the limited purpose of recommending to the District Court a person to serve as trustee and the terms of the establishment of a trust for the Beneficiary, pursuant to the Ex-Parte Order Appointing Guardian Ad Litem for Raven Fox signed by the District Court and filed on April 16, 2001;

**WHEREAS**, Lynda Reynolds has recommended to the District Court that J. Michael Hirsch, who is a grandfather of the Beneficiary, serve as the trustee for a trust to hold the proceeds of said life insurance policy for the benefit of the Beneficiary, that Clarissa M. Hirsch, who is the wife of J. Michael Hirsch and a grandmother of the Beneficiary, serve as a successor trustee if J. Michael Hirsch for

EXHIBIT A

any reason is unable or unwilling to continue to serve as a trustee for said trust, and that the terms of the trust set forth herein be approved by the District Court;

**WHEREAS**, J. Michael Hirsch is willing to serve as Trustee, Clarissa M. Hirsch is willing to serve as a successor trustee, and the District Court has approved the appointment of J. Michael Hirsch as Trustee, the appointment of Clarissa M. Hirsch as a Successor Trustee, and the establishment of the Trust pursuant to the terms and conditions set forth herein by its Order and Judgment dated _________, 2001, a copy of which is attached hereto as Exhibit A.

**WHEREAS**, The Order and Judgment dated ______________, 2001, provides that the Minnesota Life Insurance Company, contemporaneously with the execution and delivery of this Trust Agreement, shall cause to be paid over, transfer, and deliver to the Trustee all of said applicable proceeds from the life insurance policy on the life of Diane Olson, a complete description of which is attached to this Trust Agreement as Exhibit B and incorporated herein by this reference.

**NOW, THEREFORE, IT IS AGREED** by the undersigned Trustee that the properties herein described, and any other property which may be transferred, assigned, and delivered to the Trustee (all of which, and the portion thereof from time to time remaining in the hands of the Trustee, is hereinafter called the "Trust Estate") shall be held by the Trustee, in trust, to be managed, administered, and distributed in accordance with the following terms and provisions:

## ARTICLE 1

1.1 Identification of Beneficiary. The Beneficiary of the Trust established hereunder is Raven Fox, who was born on April 6, 1994. The Trustee shall hold the Trust Estate for the Beneficiary and the Trust shall bear the name of the Beneficiary.

1.2 Funding of the Trust. The Trust shall be funded with the applicable proceeds from the life insurance policy on the life of Diane Olson issued by the Minnesota Life Insurance Company. The Minnesota Life Insurance Company, contemporaneously with the execution and delivery of this Trust Agreement, has caused to be paid over, and does hereby pay over, transfer, and deliver to the Trustee said proceeds, the receipt of which is hereby acknowledged by the Trustee and a complete description of which is attached to this Trust Agreement as Schedule B and incorporated herein by this reference. Such amount shall constitute the initial principal of the Trust which, together with all other properties hereafter acquired by the Trust and all income therefrom, shall constitute the Trust Estate. This Trust shall become effective on the occurrence of: (1) The entry of the Order and Judgment of

the District Court, a copy of which is attached as Exhibit A; (2) The transfer of the above stated proceeds from the life insurance policy, as described in Exhibit B attached hereto, by Minnesota Life Insurance Company to the Trustee; and (3) the Trustee's acceptance of the Trust which shall be evidenced by the signature below of the Trustee. This Trust is created by operation of law as it is implemented herein by the District Court, and none of the Beneficiary, the Minnesota Life Insurance Company or the District Court is the guarantor of this Trust.

1.3 Jurisdiction. After the establishment of the Trust herein, jurisdiction for purposes of administration of the Trust shall exist with the Ramsey County Probate Court, Ramsey County, Minnesota, the county in which the Beneficiary currently resides, unless and until the Ramsey County Probate Court shall approve the transfer of jurisdiction to another court. The Ramsey County Probate Court or any other court subsequently having jurisdiction over this Trust shall be referred to herein as the "Probate Court".

1.4 Distributions to or for Benefit of the Beneficiary. Until the Beneficiary attains the age of thirty (30) years, the Trustee shall pay to or expend for the benefit of the Beneficiary such sum or sums from either the net income from or the principal of the Trust as the Trustee shall, in the Trustee's discretion, deem necessary or advisable from time to time for the proper support, maintenance, health and education of the Beneficiary; provided, however, that no assets of the Trust shall be expended to discharge a legal support obligation of either or both of the parents of the Beneficiary. Any part of the net income from the Trust not paid to or expended for the benefit of the Beneficiary shall be added to and become a part of the principal of the Trust.

1.5 Distribution when the Beneficiary attains the Age of Thirty. When the Beneficiary attains the age of thirty (30) years, the Trust shall terminate and the Trustee shall pay over and distribute to the Beneficiary the balance of the assets of the Trust Estate, including principal and all undistributed income.

1.6 Distribution if the Beneficiary Dies before Termination of the Trust. If the Beneficiary dies before receiving full distribution of the Trust, the Trustee shall, upon the Beneficiary's death, distribute the balance of the Trust, including principal and all undistributed income, to such other person or persons, or to said Beneficiary's estate, in such amount or amounts, and upon such conditions and estates, in trust or otherwise, with such powers, in such manner and at such time or times as the Beneficiary shall appoint by a will specifically referring to this general testamentary power of appointment. Any portion of the trust, including principal

and undistributed income, which is not effectively disposed of pursuant to this power of appointment shall be paid over and distributed to the then living issue of the Beneficiary, by right of representation; or if there be no then living issue of the Beneficiary, then in accordance with the provisions of paragraph 1.7 of this Trust Agreement.

1.7 Distribution to Person Under the Age of Thirty. Any portion of the Trust Estate otherwise distributable under this Article 1 to a person other than the Beneficiary who has not attained the age of thirty (30) years shall be held in a separate trust for the benefit of said person as follows:

(1) The Trustee shall pay to or expend for the benefit of said person such sum or sums from either the net income from or the principal of the Trust as the Trustee, in the Trustee's discretion, may deem necessary or advisable to provide for the proper support, maintenance, health, and education of said person.

(2) When said person attains the age of thirty (30) years, the Trustee shall pay over and distribute to said person the balance of the Trust, including principal and all undistributed income.

(3) If said person dies before attaining the age of thirty (30) years, the balance of the trust assets, including principal and all undistributed income, shall be paid over and distributed to such other person or persons, or to said person's estate, in such amount or amounts and upon such conditions and estates, in trust or otherwise, with such powers, in such manner and at such time or times as said person shall appoint by a will specifically referring to this general testamentary power of appointment.

(4) Any portion of the Trust, including principal and all undistributed income, which is not effectively disposed of pursuant to paragraph 1.6(3) shall be paid over and distributed to the then living issue of said person, by right of representation; or, if there be no then living issue of said person, then as provided in paragraph 1.7 of this Trust Agreement.

1.8 Contingent Distribution. If at any time no person is living who is or may be entitled to receive any Trust Estate created hereunder, or any part thereof, under any of the foregoing provisions of this Trust Agreement, then any Trust Estate

created hereunder, or such part thereof, shall be distributed to the then living issue of Diane Olson, by right of representation.

## ARTICLE 2

2.1 Additional Contributions of Property. The Trustee may receive additional contributions of property from other persons, by lifetime gift, under a will or trust, or from any other source; provided, however, that (i) such items are acceptable to the Trustee, and (ii) the such other grantors or persons shall have no right, title, interest, privilege, benefit, power, ownership, or control in or over such property after its transfer to the Trust. From and after its receipt, such additional property (hereinafter referred to as "Additions") shall be held by the Trustee as part of the Trust Estate subject to the terms of this Trust Agreement. The Trustee agrees, if the Trustee accepts the property so contributed, to hold and manage such property in trust for the uses and in the manner set forth herein.

2.2 Right to Withdraw Additions. With respect to any Additions transferred to the Trust after the Beneficiary has attained the age of twenty-one (21) years, the Beneficiary, during each calendar year of the Trust with respect to each donor contributing to the Trust during such calendar year, shall have the absolute right and power to withdraw at any time (up to and including February 1 of the year following the calendar year in which such Addition is made to the trust) the lesser of (i) the annual exclusion allowable for federal gift tax purposes under section 2503 of the Internal Revenue Code in effect for that year (or twice such exclusion amount in the case of any donor who is married at the time of the contribution), or (ii) the amount of the Additions from such donor for that year, payable immediately upon receipt by the Trustee of the demand in writing and, in any event, not later than February 1 of the year following the calendar year in which the Addition was made. Such payment may be made from the property constituting the Addition to the Trust for that year, or from any other asset held in the Trust. The withdrawal right granted hereunder shall be cumulative. However, on February 1 of each year, the total amount which may be withdrawn by the Beneficiary with respect to all preceding calendar years shall be reduced by the greater of Five Thousand Dollars ($5,000) or five percent (5%) of the value of the trust principal on that February 1. If the Beneficiary should fail in legal capacity for any reason, the Beneficiary's guardian may make such demand for withdrawal on behalf of the Beneficiary.

2.3 Notice to the Beneficiary. Within a reasonable time after receipt of any Addition transferred to the Trust after the Beneficiary has attained the age of twenty-one (21) years, the Trustee shall notify the Beneficiary of (a) the right of

withdrawal granted under paragraph 2.2; (b) the property against which such withdrawal right is exercisable; and (c) the procedure to be followed in exercising the same.

## ARTICLE 3

3.1 Administrative Powers of Trustee. The Trustee shall have the following powers, to be exercised as the Trustee, in the Trustee's discretion, determines to be in the best interests of the Trust created hereunder, such powers being in addition to and not in limitation of all other common law and statutory powers of trustees (including the Minnesota Trustees' Powers Act):

(1) Retention of Property. To retain as a part of the Trust Estate any or all of the securities and properties transferred to or acquired by the Trust Estate hereunder, so long as the Trustee may deem such retention advisable or expedient, regardless of whether said securities and properties are of the kind and nature authorized by law for the investment of trust funds.

(2) Investment of Funds. To invest and reinvest the available funds of the Trust Estate in, or exchange trust assets for, such securities and properties as the Trustee deems advisable regardless of whether such securities and properties are of the kind and class authorized by law. Without in any way limiting the generality of the foregoing, the Trustee may invest or reinvest the available funds in, or exchange trust assets for, common and preferred corporate stocks, mutual funds, bonds, notes, debentures or other evidences of indebtedness or fractional interests in the same, equipment trust certificates or interests in any kind of an investment trust or any beneficial participation units in any common trust fund maintained and operated by any Corporate Trustee acting hereunder, or in any other kind of real or personal property.

(3) Cash Funds. To retain cash funds uninvested for such reasonable periods of time as the Trustee shall determine; to deposit cash funds as a general deposit in a special account in the deposit department of any Corporate Trustee acting hereunder without liability for interest thereon.

(4) Disposition of Property. To sell, grant options to buy, convey, transfer, assign, exchange, lease, mortgage, pledge or otherwise dispose of any or all of the properties of the Trust Estate, including both real and

personal property, at such prices, on such terms, to such persons, in such portions, and in such manner as the Trustee may in each case deem proper and advisable, and for terms extending beyond the administration of the Trust Estate herein created.

(5) Stocks. To vote all stocks and to exercise all rights incident to the ownership of stocks, bonds or other securities or properties held in the Trust Estate and to issue proxies to vote such stocks and to exercise such rights; to enter into voting trusts for such period and upon such terms as the Trustee may determine; to sell or exercise any and all subscription rights and stock options; to sell or retain any and all stock dividends; to consent to or join in any plan of reorganization, readjustment, merger, consolidation or liquidation in respect to any corporation whose stocks, bonds or other securities are a part of the Trust Estate, including becoming a member of any stockholders' or bondholders' committee; to accept and hold any new securities issued pursuant to any plan of reorganization, readjustment, merger, consolidation or liquidation; to pay any assessments on stocks or securities or to relinquish the same, and to otherwise exercise any and all rights and powers and deal in and with the securities and properties held in said Trust Estate in the same manner and to the same extent as any individual owner and holder might do.

(6) Holding Property. To hold securities and other properties in bearer form or in the name of a nominee or nominees without disclosing any fiduciary relationship; provided, however, that on the books and records of the Trustee said securities and properties shall constantly be shown to be a part of the Trust Estate and no such registration or holding by the Trustee shall relieve the Trustee from liability for the safe custody and proper disposition of such securities and properties in accordance with the terms and provisions hereof.

(7) Notes, Bonds, and Other Evidences of Indebtedness. To renew or extend or participate in the renewal or extension of any note, bond or other evidence of indebtedness or any other contract or lease, or to exchange the same, or to agree to a reduction in the rate of interest or rent thereon or to any other modification or change in the terms thereof, or of the security therefor, or any guaranty thereof, in any manner and to any extent that the Trustee may deem advisable in the Trustee's discretion; to waive any default, whether in the performance of any

covenant or condition of any such note, bond, or other evidence of indebtedness or any other contract release, or of the security therefor, and to carry the same past due or to enforce any such default as the Trustee, in the Trustee's discretion, deems advisable; to exercise and enforce any and all rights to foreclose, to bid in property on foreclosure; to exercise and enforce in any action, suit or proceeding at law or in equity any rights or remedies in respect to any such note, bond or other evidence of indebtedness or any other contract or lease, or the security therefor; to pay, compromise, and discharge with the funds of the Trust Estate any and all liens, charges or encumbrances upon the same, in the Trustee's discretion, and to make, execute and deliver any and all instruments, contracts or agreements necessary or proper for the accomplishment of any of the foregoing powers.

(8) Agents. To employ such agents, experts and counsel as the Trustee shall deem advisable, and to delegate discretionary powers to and rely upon such information or advice furnished by such agents, experts, or counsel; to pay such agents, experts or counsel as the Trustee may employ for the protection or conservation of the Trust Estate reasonable compensation for services hereunder, and to deduct the same, as well as all other expenses and costs of administration, from the funds in the Trustee's hands. The Trustee shall have liability only for reasonable care in the selection of such persons or organizations.

(9) Settlement of Claims. To adjust, compromise and settle debts, expenses, charges, taxes or claims upon the Trust Estate, or any part thereof, or upon or relating to any of the assets thereof, including any and all claims which may be asserted by any federal, state, or local agency or private party involving the alleged violation of any federal, state, or local law, rule, or regulation affecting property held in any trust created hereunder.

(10) Borrowing. To borrow money for the purpose of paying taxes or for any other purpose incidental to the administration of the Trust Estate hereby created, or for the protection and preservation of the assets thereof, and to mortgage or pledge any assets of the Trust Estate for the payment thereof, for terms within or extending beyond the administration of the Trust Estate herein created.

(11) Receipt of Additional Assets. To receive from any source additions to the assets of the Trust Estate and to hold the same as a part of such Trust Estate. The Trustee may, in the Trustee's discretion, without cost to the Trustee, and as a prerequisite to receiving any additions to assets of the Trust Estate, to require evidence satisfactory to the Trustee that (a) the property is not contaminated by any hazardous or toxic materials or substances; and (b) the property is not being used and has never been used for any activities directly or indirectly involving the generation, use, treatment, storage, disposal, release or discharge or any hazardous or toxic materials or substances.

(12) Tax Elections. To claim trust administration expenses as income tax deductions when an election is permitted by law and when in the Trustee's judgment such action will reduce the total income taxes payable; provided, however, that no compensating adjustments shall be made between income and principal.

(13) Liability and Property Insurance. To insure assets of the Trust Estate against damage or loss, and the Trustee against liability with respect to third persons.

(14) Advances of Income. To advance income to or for the use of any beneficiary of the Trust created hereunder, for which advance the Trustee shall have a lien on the future benefits of such beneficiary.

(15) Execute Instruments. To execute and deliver all instruments which will accomplish or facilitate the exercise of any power herein granted to the Trustee.

(16) Undivided Interests. To hold any two or more trusts or parts of such trusts created hereunder together as an undivided and consolidated whole in which such separate trusts or parts of such trusts shall have undivided interests, provided that no such holding shall defer the vesting of any trust estate in possession or otherwise.

(17) Allocation of Receipts and Disbursements. The Trustee shall apply the rules stated in the Minnesota Revised Uniform Principal and Income Act in determining whether receipts shall be income or principal and whether disbursements shall be paid out of income or principal, and the rules of the Minnesota Revised Uniform Principal and Income Act shall

be applied in apportioning income and principal between the beneficiaries of any trust created hereunder; provided, however, income shall not be apportioned between successive income beneficiaries or between income beneficiaries and remaindermen, and, instead, upon the death of an income beneficiary all undistributed income, whether actually collected or accrued but uncollected, shall be apportioned to the next taker rather than to the estate of a deceased income beneficiary.

(18) Real Estate. To make ordinary or extraordinary repairs, improvements or alterations in buildings or other structures or in any other asset of the trust estates, and to remove or demolish any improvements. To raze existing or erect new party walls or buildings, alone or jointly with owners of adjacent property. The Trustee shall allocate any and all depreciation as to any real estate constituting a part of the Trust Estate to the then beneficiary or beneficiaries to whom income hereunder is distributed, and if any of such income is retained and accumulated in such Trust Estate, to the Trust, in the proportions in which such income is distributed and/or retained and accumulated.

(19) Life Insurance. To retain as an investment of the Trust Estate any insurance policies on the life of any beneficiary of any trust herein created; to take out or otherwise acquire insurance on the life of any beneficiary of any trust or any person in whose life any trust or any beneficiary thereof may have an insurable interest, and to allow any such policy to lapse or surrender it for cash, or to exercise any other right of optional settlement thereunder (all premiums and assessments upon any policy to be paid out of the income otherwise available for distribution, and to the extent the income is insufficient, out of the principal, of any separate trust or trusts involved, adding the principal amount of any profits to the principal thereof; and payment to and the receipt of the Trustee to be a full discharge of the liability of any insurance company which shall not be required to see to the application of any such payment). Notwithstanding any provision herein to the contrary, in no event shall the powers granted under this paragraph be exercised or exercisable by an individual trustee with respect to any policy of insurance on his or her life.

3.2 Restrictions on Powers of Trustees. All powers given to any Trustee by this Trust Agreement are exercisable by such Trustee only in a fiduciary capacity.

No power given to the Trustee shall be construed to enable any person to purchase, exchange, or otherwise deal with or dispose of the principal or the income of the Trust Estate for less than an adequate consideration in money or money's worth; no power given to the Trustee shall be construed to permit any other contributor to the Trust Estate to borrow income or principal; or to authorize loans to a person other than the contributor to the Trust Estate except on the basis of an adequate interest charge and with adequate security. In addition, no Trustee hereunder shall use the principal or income from the Trust Estate to pay premiums of insurance on the life of any other person than a beneficiary of the Trust.

3.3 Perpetuities Saving Clause. Any trust held hereunder shall terminate, if it has not previously terminated, not later than the latest date allowed by applicable law, and shall thereupon be distributed outright to the persons and in the proportions determined as though said trust had terminated immediately prior to the time specified in this paragraph.

3.4 Spendthrift Clause. No title in any trust created hereunder or in the income therefrom shall vest in any beneficiary, and neither the principal of nor the income from any such trust shall be liable for the debts of any beneficiary. No beneficiary of any trust created hereunder shall have any power to sell, assign, transfer, encumber, anticipate or otherwise dispose of his or her interest therein as a beneficiary or distributee prior to the actual payment or distribution thereof by the Trustee to him or her, and any attempt of any beneficiary to do so shall be disregarded by the Trustee. Neither the principal of nor the income from any trust created hereunder shall be liable for the payment or satisfaction of alimony, maintenance, or any support obligation, to or for the benefit of a separated or divorced spouse of any beneficiary of such trust, pursuant to a dissolution, legal separation, or annulment proceeding to which said beneficiary is a party. This provision shall not limit the exercise of any power of appointment herein created.

3.5 Payments to Beneficiaries Under Disability. The Trustee may make any distribution hereunder to a minor or other beneficiary determined by the Trustee to be unable to manage his or her personal finances, without liability to the Trustee and in the discretion of the Trustee, in any one or more of the following ways:

(1) Directly to such beneficiary.

(2) Directly for the education of such beneficiary.

(3) By depositing the same in a bank or savings account in the Beneficiary's name.

(4) By purchasing securities in the Beneficiary's name.

(5) In the case of a beneficiary who is a minor, and to the extent such distribution constitutes custodial property other than life insurance and annuity contracts, to a Trustee as custodian for such minor under the Minnesota Uniform Transfers to Minors Act.

**ARTICLE 4**

4.1 Paragraph Headings. The paragraph headings used in this Trust Agreement are for purposes of convenience only, and no such heading shall be considered in the construction of any provision of this Trust Agreement or any related instrument.

4.2 Definitions. As used in this Trust Agreement:

(1) The term "issue" shall mean all persons who are descended from the person referred to, and shall include natural persons and adopted persons who had not attained twenty-one (21) years of age at the date of adoption as well as persons in gestation who are later born alive.

(2) The masculine, feminine, or neuter gender, and the single or plural number, shall each be deemed to include the others whenever the context so indicates.

(3) References to chapters or sections of the Internal Revenue Code shall be to the Internal Revenue Code as now enacted or hereafter amended, and shall mean and include such chapters or sections of the Internal Revenue Code and any provision of federal law as is, or may hereafter be, cognate to such chapters or sections.

**ARTICLE 5**

5.1 Alternate or Successor Trustee. If for any reason J. Michael Hirsch is unable or unwilling to continue to serve as a Trustee hereunder, then the Successor Trustee shall be Clarissa M. Hirsch, the wife of J. Michael Hirsch and a grandmother of the Beneficiary. If at any time there shall be no Trustee acting hereunder, then a Successor Trustee shall be appointed by the last serving Individual Trustee, or if no

such appointment is made, then a Successor Trustee shall be appointed by the Probate Court having jurisdiction of this Trust.

Any Trustee hereunder may resign at any time said Trustee believes there is or may be a conflict between the Trustees in the Trustees' fiduciary capacity and in the Trustees' individual capacity because of potential claims or liabilities which might be asserted against the Trust created because of the type or condition of the assets held in the Trust.

An Individual Trustee, in the Trustee's discretion, may designate a corporate fiduciary as Corporate Trustee to serve as co-trustee of any trust created under this Trust Agreement. In addition, the original or successor Individual Trustee may, in such Trustee's discretion, at any time remove any Corporate Trustee acting hereunder. Such action shall be taken by filing written notice thereof with the Corporate Trustee being removed. The original or successor Individual Trustee may, but need not, appoint a successor Corporate Trustee.

Any Trustee hereunder may resign at any time by an instrument in writing filed with the trust records and the Probate Court. Such resignation shall be effective only upon the filing by Clarissa M. Hirsch, as the Successor Trustee named in this Trust Agreement, of her written acceptance of such office with the trust records and the Probate Court, or the appointment of another Successor Trustee by the order of the Probate Court.

The legal title to the trust property shall be and remain vested in the Trustee and any Successor Trustee, individual or corporate, acting hereunder, without any act of conveyance or transfer by a resigning Trustee.

Any Successor Trustee appointed hereunder shall have all of the powers and responsibilities of the original Trustee. No Successor Trustee shall be obliged to inquire into or be in any way accountable for the previous administration of the trust property.

If any Corporate Trustee acting hereunder is merged with another corporation or association, or is succeeded by another corporation or association, through consolidation or otherwise, the new corporation or association shall thereupon become the Corporate Trustee hereunder if such new corporation or association has trust powers. When authorized by statute or court order any corporate trustee acting hereunder may permit itself to be succeeded as such Corporate Trustee by another corporation or association having trust powers.

5.2 Removal of Situs of Trusts. The Trustee of any trust created hereunder may at any time remove the situs of said trust to any other state in the United States, and from such state to another state or back to the state of original situs. Such action shall be taken by filing written notice thereof with the trust records, the Probate Court, and the Beneficiary, which notice shall set forth the place to which the situs of the trust is being removed. The Trust shall remain subject to the continuing jurisdiction of the Probate Court, unless and until the Probate Court shall approve the transfer of jurisdiction to another court.

5.3 Custody of Assets. In order to relieve any Individual Trustee of the details of the administration of the trusts created hereunder, any Corporate Trustee acting hereunder shall have custody and care of all assets belonging to the Trust Estate, handle all receipts and disbursements, and attend to all accountings required in the Trust created hereunder.

5.4 Delegation by Individual Trustee. Any Individual Trustee acting hereunder may at any time by a signed instrument filed with the trust records delegate to any other Trustee any or all powers and discretions conferred under this Trust Agreement (including the power to assign or convey any trust property on behalf of the Trustee) either for a specified time or until the delegation is revoked by a similar instrument. Any person dealing in good faith with any Trustee may rely without inquiry upon the Trustee's certificate with respect to any delegation. No Individual Trustee acting hereunder shall be liable to any person, whether or not such person is a beneficiary of any trust created hereunder, for any act taken by the Trustee to whom he has delegated the authority to take such act.

5.5 Liability of Trustee. No person or corporation acting as a Trustee hereunder shall at any time be held liable for a mistake of law and/or fact, for an error of judgment, nor for any loss or injury coming to any trust estate or to any beneficiary thereof (or to any beneficiary under this Trust Agreement, or to any other person), except as a result of actual fraud or willful misconduct on the part of the Trustee to be charged. Further, the Trustee, under the above standard, shall be severally held to the faithful performance of his or her own acts, but shall not be liable for the acts or omissions of any other Trustee in which acts or omissions the Trustee sought to be held did not participate or concur.

5.6 Compensation and Bond. The Trustee shall be entitled to receive fair and reasonable compensation for services rendered to the Trust pursuant to this Trust Agreement to be determined in accordance with the then customary and prevailing charges for similar services charged by corporate fiduciaries in the city of

Minneapolis, County of Hennepin, State of Minnesota. The Trustee shall also be reimbursed for all reasonable expenses incurred by the Trustee in connection with the Trust. The court having jurisdiction of this Trust may review such fees and expenses at any time on its own motion or on a request of the Trustee or any other person interested in the welfare of the Beneficiary, and on a hearing of the matter, the court shall take any action with respect to allowing greater or lesser fees and expenses as it may deem appropriate. The Trustee expressly agrees to reimburse the Trust Estate for any fees and expenses previously paid to the Trustee in the event that the court orders the Trustee to do so. No bond shall be required of any Trustee acting hereunder unless subsequently ordered by the court by written order.

5.7 Trust Records. The Trustee shall keep books of account respecting the Trust and all transactions involving the Trust, and shall furnish to the Beneficiary, or to the person having the care and custody of the Beneficiary, if the Beneficiary is then under a legal disability, statements at least annually showing receipts and disbursements of income and corpus of the Trust, and a list of assets held in the Trust. The Trustee shall also mail a copy of said annual statements to Lynda Reynolds each year at 7017 Spoon Terrace, Edmond, Oklahoma 73003, or such other address as Ms. Reynolds shall advise the Trustee in writing. The Trustee shall also furnish such annual statements to the Probate Court on request of the Probate Court.

5.8 Interpretation. This trust has been accepted by the Trustee in the State of Minnesota, and this Trust Agreement has been delivered to the Trustee in said State, and all questions of law arising hereunder shall be determined in accordance with the laws of the State of Minnesota.

## ARTICLE 6

6.1 Revocability of Trust Agreement and Trust. This Trust Agreement may not be revoked, altered or amended by the Beneficiary or any guardian or other legal representative of the Beneficiary; however, this Trust Agreement and any trust created by the Trust Agreement shall be subject to termination, amendment, modification, or revocation by the Probate Court at any time prior to the termination of the Trust. If the Probate Court revokes the Trust prior to the Beneficiary attaining the age of twenty-one (21) years, the Probate Court may enter such further or additional orders concerning the Trust Estate as it may deem appropriate in accordance with Minnesota law. If the Probate Court revokes the Trust after the Beneficiary attains the age of twenty-one (21 years, the Trust Estate shall be paid and delivered to the Beneficiary, free of trust.

6.1 Trust Irrevocable. This Trust Agreement and any trust created hereunder are expressly made irrevocable and may not be altered, amended or revoked by the Beneficiary, Trustee, parent, custodian, or guardian, or any other person, except the Probate Court.

**IN WITNESS WHEREOF**, J. Michael Hirsch, as the Trustee has hereby accepted this Court Ordered Minor's Trust for Raven Fox by his signature below, as of the day and year first above written, and agrees that he will hold and administer the assets of such Trust and use and dispose of such assets under the terms and provisions set forth in this Trust Agreement.

TRUSTEE:

_______________________________
J. Michael Hirsch

STATE OF MINNESOTA )
) ss.
COUNTY OF ___________ )

On this ____ day of __________, 2001, before me, a Notary Public within and for said County, personally appeared J. Michael Hirsch to me known to be and who, being by me duly sworn, did say that he/she is the individual named as Trustee in the foregoing Trust Agreement, and that said Trust Agreement was signed by said J. Michael Hirsch, and said J. Michael Hirsch acknowledged that he had executed and acknowledged such Trust Agreement as his free act and deed.

_______________________________
Notary Public

439116/2